**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**ARTHUR RAY ROBINSON (#425796)**            **CIVIL ACTION**

**VERSUS**

**STATE OF LOUISIANA, ET AL.**            **NO. 05-1016-RET-DLD**

**O R D E R**

      This matter comes before the Court on the plaintiff's Motion for Recusal of Judge Ralph E. Tyson and Magistrate Judge Docia L. Dalby, rec.doc.no. 142. In determining whether a recusal is appropriate, 28 U.S.C. § 455 is the applicable statute, and the standard is an objective one.[1] In other words, the plaintiff must demonstrate that a reasonable and objective person, knowing all of the facts and circumstances of the case, would harbor doubts concerning the partiality of the assigned judicial officers. Patterson v. Mobil Oil Corp., 335 F.3d 476 (5th Cir. 2003), cert. denied, 540 U.S. 1108, 124 S.Ct. 1071, 157 L.Ed.2d 895 (2004). See also Trevino v. Johnson, 168 F.3d 173 (5th Cir.), cert. denied, 527 U.S. 1056, 120 S.Ct. 22, 144 L.Ed.2d 825 (1999). This showing must be based on specific facts so as to avoid providing a party with a "random veto over the assignment of judges." Capizzo v. State, 1999 WL 539439 (E.D. La., July 22, 1999). Further, a § 455 motion should not be so broadly construed that "recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." United States v. Cooley, 1 F.3d 985 (10th Cir. 1993). Finally, under this statute, any bias or prejudice must arise from an extrajudicial source, and must be personal as opposed to judicial in nature. Capizzo v. State, supra.

      The plaintiff has failed to demonstrate any personal or extrajudicial bias on the part of the assigned judicial officers. Instead, it appears that the basis for the plaintiff's motion is simply his

---

[1] Although the plaintiff refers to 28 U.S.C. § 144 in support of his motion, this statute requires "a certificate of counsel of record", and so is not applicable to a motion filed by a pro se petitioner.

contention that the assigned officers have issued adverse rulings and orders in this case and have failed to adequately penalize the defendants for conduct which the plaintiff believes to be sanctionable. As has been noted by the Fifth Circuit, however, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." United States v. Landerman, 109 F.3d 1053 (5th Cir.), cert. denied, 522 U.S. 1033, 118 S.Ct. 638, 139 L.Ed.2d 616 (1997). Moreover, the facts alleged by the plaintiff would not lead a reasonable and objective person (1) to conclude that the rulings and orders in this case have been improperly motivated, or (2) to question the impartiality of the judicial officers. Accordingly, upon a finding that the plaintiff's motion is without merit and that there is no justification for the relief requested,

**IT IS ORDERED** that the plaintiff's Motion for Recusal of Judge Ralph E. Tyson and Magistrate Judge Docia L. Dalby, rec.doc.no. 142, be and it is hereby **DENIED**.

Signed in Baton Rouge, Louisiana, on April 15, 2011.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**