UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ARTHUR RAY ROBINSON (#425796)**                    CIVIL ACTION

**VERSUS**

**STATE OF LOUISIANA, ET AL.**                       NO. 05-1016-RET-DLD

## O R D E R

This matter comes before the Court on the plaintiff's motion for preliminary injunctive relief. Rec.doc.no. 147.

The pro se plaintiff, an inmate confined at the Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against the State of Louisiana, Secretary Richard L. Stalder, Warden Burl Cain, Lt. Kevin Benjamin, Governor Kathleen Blanco and Classification Officer Paulina Sims, contending that the defendants have violated his constitutional rights through deliberate indifference to his serious medical needs. Specifically, the plaintiff complains that he has been exposed to an excessive amount of second-hand smoke, resulting in an aggravation of his medical condition. Pursuant to Mandate of the United States Court of Appeals for the Fifth Circuit, the sole remaining defendant before this Court is Lt. Kevin Benjamin. See rec.doc.no. 100.

In the plaintiff's motion for preliminary injunctive relief, he asserts that he was denied access to his legal materials when he was placed in administrative segregation between the dates of April 12 and April 14, 2011, that during this time, he was not provided with his medication, that he was not provided with a receipt for the legal materials which were taken from him, that he was not provided with the results of a polygraph test that was taken in connection with an investigation, that he was not provided with any information regarding the skill or training of the polygraph examiner, and that he is not happy with his current job assignment. He prays for an order compelling the

defendants to "refrain from ... any type of retaliation, harrassment, threats."

The Court finds that the plaintiff's motion is lacking in sufficient factual detail and sufficient allegations of actual harm or injury such as would support a finding that he will suffer irreparable injury if injunctive relief is not granted. He essentially complains of events occurring over a period of two days, and he does not allege that he has suffered any harm or prejudice in fact as a result of the deprivations of which he complains. Accordingly, the Court finds that the plaintiff's claims are susceptible of being adequately addressed in an ordinary proceeding and that his request for injunctive relief should be denied. Specifically, the plaintiff has failed to establish any of the four elements warranting such relief at the present time: (1) irreparable injury, (2) an absence of harm to the defendants if injunctive relief is granted, (3) an interest consistent with the public good, and (4) a substantial likelihood of success on the merits. Canal Authority v. Callaway, 489 F.2d 567 (5th Cir. 1974). Accordingly,

**IT IS ORDERED** that the plaintiff's motion for preliminary injunctive relief, rec.doc.no. 147, be and it is hereby **DENIED**.

Baton Rouge, Louisiana, this _10th_ day of May, 2011.

RALPH E. TYSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT